UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                              CRIMINAL CASE NO. 03-50045

v.

JERMAINE DEMETRIUS MCGLOWN,      HONORABLE PAUL V. GADOLA
                                                   U.S. DISTRICT COURT
                Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR ORDER GRANTING JAIL TIME CREDIT.

      This matter has come before the Court on Defendant's Motion for Order Granting Jail Time Credit, filed on July 29, 2005. Defendant was taken into federal custody pursuant to a warrant on September 15, 2003. Defendant was detained in the Genesee County Jail as a federal prisoner. Defendant was later erroneously removed from federal custody by the Michigan Department of Corrections and placed into state custody so that he could serve a state sentence for violating his parole. A writ of *habeas corpus ad prosequedum* was used to obtain Defendant's return to federal custody from state custody. On July, 27, 2004, the Court ordered that the writ used to secure Defendant in federal custody not be discharged and that the Bureau of Prisons ("BOP") be given the first opportunity to determine the credit Defendant would receive for the time he erroneously spent in state custody. Defendant states that the BOP was given that opportunity and that they did not credit him the time because he was not in federal custody. Defendant requests that the Court grant him credit for the time he erroneously spent in state custody.

      "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson,* 503 U.S. 329, 335

(1992). Further, "because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." *Id.* Although prisoners can seek judicial review of BOP sentencing computations, they may do so only after first seeking administrative review. *See* 28 C.F.R. §§ 542.1–542.16. In other words, prisoners may seek judicial review only after exhausting their administrative remedies. *Id.* at 335-36.

Defendant states that he has "fulfilled everything that the government has requested and ordered and is now fully entitled to judicial determination." Mot. at 3. However, Defendant has not stated that he sought administrative review of the BOP sentencing computation, only that he has allowed the BOP to make the computation, in the first instance, as was ordered by the Court. Thus, because Defendant has not sought administrative review, his request is not properly before the Court. *See United States v. Bayless*, 940 F.2d 300, 305 (8th Cir. 1991).

Accordingly, **IT IS HEREBY ORDERED THAT** Defendant's Motion for Order Granting Jail Time Credit [docket entry 70] is **DENIED** without prejudice

**SO ORDERED.**

Dated: April 24, 2006                    s/Paul V. Gadola
                                         HONORABLE PAUL V. GADOLA
                                         UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   April 25, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                    Michael Tesner                                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:             Jermaine D. McGlown                         .

                                                s/Ruth A. Brissaud
                                                Ruth A. Brissaud, Case Manager
                                                (810) 341-7845